```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  TELSON OKHIO,

                      Petitioner,            MEMORANDUM & ORDER
                                                12-cr-179(EK)
            -against-

  UNITED STATES,

                      Respondent.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

      Telson Okhio filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2255.  He contends that counsel in his federal criminal case was constitutionally ineffective for, among other things, failing to inform him of the immigration consequences of pleading guilty.  His petition was reassigned to me in 2021.  I cannot, however, reach the merits of Okhio's claim; I lack jurisdiction to consider the petition because Okhio was not "in custody" at the time he filed it.

      In March 2012, Okhio — a citizen of Nigeria then residing in the United States — pleaded guilty to wire fraud in violation of 18 U.S.C. § 1343.  *See* Minute Entry for Proceeding before Judge Roslynn Mauskopf, ECF No. 15.  Judge Mauskopf sentenced him to forty-six months' imprisonment and three years' supervised release.  The supervised release term concluded in June of 2018.

Following Okhio's plea and sentencing, Immigration and Customs Enforcement ("ICE") initiated deportation proceedings. In March 2018, ICE officers arrested Okhio for violating the bail conditions imposed by the Immigration Judge in those proceedings. Gov't Letter of October 12, 2021 at 1, ECF No. 190. Okhio remained in the deportation authorities' custody until he was removed to Nigeria pursuant to an order of an immigration judge on February 24, 2020. *Id.* at 2.

Okhio filed the instant petition in February 2019, while his deportation proceeding was still pending but approximately eight months after the supervised release term of his criminal sentence had expired in June 2018.

Section 2255 provides that a prisoner "in custody under sentence" may petition the sentencing court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A petitioner "must satisfy the jurisdictional in custody requirement" at the time he or she files the petition. *United States v. Rutigliano*, 887 F.3d 98, 104 (2d Cir. 2018) (internal quotations omitted). "Custody" encompasses more than just physical confinement in prison, *see Maleng v. Cook*, 490 U.S. 488, 491 (1989), and includes supervised release or parole. *See Dearstyne v. Mazzuca*, 679 F. App'x 21, 22 (2d Cir. 2017). Once "the sentence imposed for a conviction has completely expired," however, "the collateral consequences of that conviction are not

2

themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Ogunwomoju v. United States*, 512 F.3d 69, 74 (2d Cir. 2008) (internal quotations omitted). "[P]enalties that do not impose a severe restraint on individual liberty or the imminent threat of restraint do not satisfy the 'in custody' requirement." *Vega v. Schneiderman*, 861 F.3d 72, 74 (2d Cir. 2017).

Okhio was neither incarcerated nor subject to supervised release on February 4, 2019, when he filed his petition. He was in ICE custody for violating the Immigration Judge's bail conditions, but ICE detention pending a deportation proceeding does not satisfy the "in-custody" requirement on a Section 2255 challenge arising out of Okhio's wire-fraud conviction. The Supreme Court has held that once a sentence imposed has been fully discharged, the collateral consequences of that conviction — including deportation proceedings — do not render an individual in custody for habeas purposes. *See Maleng*, 490 U.S. at 492 (holding that "[r]emoval proceedings are at best a collateral consequence of conviction," and do not satisfy the custody requirement); *see also Ogunwomoju*, 512 F.3d at 75 (dismissing § 2254 petition). While *Ogunwomoju* concerned a Section 2254 petition, its logic extends to 2255 petitions as well, as there is no difference in the custody requirement between the two habeas provisions. A number of circuit courts

3

and district courts within this circuit have reached the same conclusion in Section 2255 cases.  *See, e.g., Kandiel v. United States*, 964 F.2d 794, 796 (8th Cir. 1992); *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004); *Tanveer v. United States*, No. 06-CR-1135, 2019 WL 430262, at *5-6 (S.D.N.Y. Feb. 4, 2019); *Guzman v. United States*, No. 11-CV-2433, 2011 WL 6097128, at *3-4 (S.D.N.Y. Dec. 7, 2011).

For the above reasons, the Court lacks jurisdiction to entertain Okhio's habeas petition.  All pending motions are terminated, and the Clerk of the Court is respectfully directed to close this case.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   February 28, 2022
        Brooklyn, New York

4